IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WEBBIE JACKSON, as next kin on behalf of**
**RYAN FEDELL MADDOX, Deceased**                        **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. 3:14CV599-CWR-LRA**

**JOHN DOE, et al**                                             **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on application of Webbie Jackson [hereinafter "Plaintiff"] seeking permission to proceed *in forma pauperis* under 28 U.S.C. §1915(a)(1) for the purpose of filing this action. The motion was filed by her counsel, and Plaintiff filed an Affidavit attesting to her inability to pay the filing fees. She did not use the required form affidavit which enables the Court to reasonably assess her ability to pay the filing fees in this case, or a portion thereof. *See* AO239 (Rev. 12/13) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). This form requires a litigant to list more financial information, including her assets, liabilities, and monthly income and expenses, in order for the Court to determine if she should be allowed to proceed at taxpayer expense. Plaintiff does attest that she has no cash or checking account or assets and is unable to pay the filing fees in this case. She does not answer the questions of whether or not she is employed or has received income within the past twelve months.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,

> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Without the information contained in the long form financial affidavit, this Court cannot finally determine whether or not Plaintiff is entitled to proceed in this civil action without paying the costs of filing.

Even if she completed the appropriate long form, and Plaintiff's income and expenses were to entitle her to proceed without the prepayment of fees, it is the undersigned's opinion that she should not be allowed to move forward with her lawsuit without payment of fees. 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

This is a civil case and obviously a fee-producing case, being handled by private counsel. Plaintiff was able to obtain counsel to prosecute her claims against Defendants, even though she presumably lacked funds to hire an attorney. Because of this, the undersigned is of the opinion that she should be able to arrange payment of the required filing fees if given ninety days to do so. The taxpayers should not be required to fund this private litigation, and Plaintiff will suffer no prejudice by having a ninety-day delay in the prosecution of her claims.

## Conclusion

Hence, it is the recommendation of the undersigned that Plaintiff's "Motion for Permission to Proceed *In Forma Pauperis*" [2] be **denied** but that she be given ninety days to pay the filing fees in this cause. All of the costs associated with the filing of this lawsuit should be paid on or before **November 14, 2014**, or this case should be dismissed without prejudice without further notice.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being

served with a copy of this Report and Recommendation. The failure to file timely objections shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **November 14, 2014,** unless she appeals this recommendation to the district judge**. If she fails to pay the fees by this date, the Complaint should be dismissed without prejudice.**

This the 13th day of August 2014.

                                            s/Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE