## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**WEBBIE JACKSON, as next of kin**
**on behalf of RYAN FEDELL**
**MADDOX, deceased**                                                                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.: 3:14-cv-00599(CWR)(LRA)**

**OFFICER JOHN DOE, OFFICER**
**MARQUETTE DORSEY, POLICE**
**CHIEF KEITH WALTER**
**ARMSTRONG, AND CITY OF**
**VICKSBURG**                                                                               **DEFENDANTS**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Officer Russell Dorsey[1], Police Chief Keith Walter Armstrong, and City of Vicksburg, by and through their attorneys of record, and Answer or otherwise respond to Plaintiff's Complaint. Defendants deny each and every allegation contained in the Complaint, except those which are herein expressly admitted, and further aver the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against Defendant City of Vicksburg, Mississippi.

### FOURTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by

---

[1] In the Complaint, Officer Russell Markeith Dorsey is incorrectly identified as "Officer Marquette Dorsey."

the laws of the United States would violate the Due Process protections of the U.S. Constitution. Further, Mississippi laws and procedures governing punitive damages are violative of the 6th Amendment, 8th Amendment, the Due Process Clause and Equal Protection Clause of the 14th Amendment, and other provisions, of the United States Constitution in Article III, Section 14 and other provisions of the Constitution of the State of Mississippi.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not caused by a policy or custom of the City of Vicksburg, Mississippi.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' conduct was objectively reasonable and Defendants did not act with deliberate indifference.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants had no subjective knowledge of a substantial risk of serious harm to a pretrial detainee.

### EIGHTH AFFIRMATIVE DEFENSE

It does not appear that the individual Defendants are sued in their individual capacity. However, if the Court determines they are, these Defendants are entitled to qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P. 8(c).

### TENTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P. 12(b).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because it fails to satisfy the requirements of FED. R. CIV. P. 8, as set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Litigation Accountability Act, MISS. CODE ANN. § 11-55-1 et seq., including but not limited to an assessment of attorney fees and costs against a party or attorney who has brought a meritless action without substantial justification, *i.e.* frivolous, groundless in fact or in law, or vexatious, and/or has been interposed for purposes of delay or harassment.

### THIRTEENTH AFFIRMATIVE DEFENSE

It does not appear that Plaintiff has pled any state law claims. However out of an abundance of caution, As Defendants plead all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11 46 1 et seq., including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of insufficient service of process

## ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Defendants respond to the Complaint as follows.

Defendants admit that Plaintiff has filed the instant Complaint but deny there is any basis to Plaintiff's claims against Defendants and deny any and all remaining allegations against Defendants contained in the un-numbered Paragraph of the Complaint beginning with "COMES NOW, the Plaintiffs" and ending with "the following:"

### PLAINTIFFS

1. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint, and accordingly, deny same.

2. Defendants deny that Plaintiff is entitled to damages of any kind and deny all allegations contained in Paragraph 2 of the Complaint.

3. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, and accordingly, deny same.

4. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint, and accordingly, deny same.

5. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint, and accordingly, deny same.

6. Defendants deny the allegations of Paragraph 6 as to any individual named Marquette Dorsey, but admit Russell Dorsey is employed by the Vicksburg Police Department and is a Mississippi resident. Defendants deny that this individual Defendant may be served at 721 Clay Street, Vicksburg. Mississippi. The remaining allegations contained in Paragraph 6 of the Complaint are purported statements of law to which no response is required. To the extent

any response is required, the remaining allegations contained in Paragraph 6 of the Complaint are denied.

7. Defendants admit Keith Walter Armstrong is employed as Police Chief of the Vicksburg Police Department and is a Mississippi resident. Defendants deny that this individual Defendants may be served at 721 Clay Street, Vicksburg. Mississippi. The Vicksburg Police Department is simply a department within the City of Vicksburg and is not a separate governmental entity that can be sued, and accordingly, the remaining allegations contained in Paragraph 7 of the Complaint are denied

8. Defendants admit the City of Vicksburg, Mississippi may be served at 1401 Walnut Street, Vicksburg, Mississippi, but deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that jurisdiction is proper in the United States District Court for the Southern District of Mississippi, Northern Division, but deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, but deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 as to any individual named Marquette Dorsey but Defendants admit that Ryan Maddox was arrested by Officer Russell Dorsey on a charge of burglary on April 9, 2012 and was booked at the Vicksburg Police Department, but deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in the un-numbered Paragraph of the Complaint beginning with "WHEREFORE, PREMISES CONSIDERED" and ending with "described herein" and deny that Plaintiff is entitled to relief of any kind.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award Defendants costs, expenses, attorneys' fees and any other relief that is warranted or the Court deems proper.

THIS the 6th day of March, 2015.

> Respectfully submitted,
>
> PHELPS DUNBAR LLP
>
> BY: /s/ Mark Fijman
> Gary E. Friedman, MB #5532
> Mark Fijman, MB #99153
> 4270 I-55 North
> Jackson, Mississippi 39211-6391
> Post Office Box 16114
> Jackson, Mississippi 39236-6114
> Telephone: 601-352-2300
> Telecopier: 601-360-9777
> Email: friedmag@phelps.com
> fijmanm@phelps.com
>
> **ATTORNEYS FOR DEFENDANTS**

PD.16677981.1

## **CERTIFICATE OF SERVICE**

I, MARK FIJMAN, do hereby certify that on March 6, 2015 I electronically filed the above and foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to following counsel of record:

Chokwe A. Lumumba
LUMUMBA & ASSOCIATES
P.O. Box 31762
5888 Ridgewood Road (39211)
Jackson MS 39286
(601) 353-4455
calumumba@gmail.com

*ATTORNEY FOR PLAINTIFF*

    /s/ Mark Fijman
    MARK FIJMAN